Quentin M. Rhoades
State Bar No. 3969
**RHOADES SIEFERT & ERICKSON PLLC**
430 Ryman Street
Missoula, Montana 59802
Telephone: (406) 721-9700
qmr@montanalawyer.com
*Attorneys for Defendant,*
 *Bjorn Johnson Construction, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br>　v.<br><br>MVP HOLDINGS, LLC; LINDA MILLER, and BJORN JOHNSON CONSTRUCTION, LLC,<br><br>　　　　Defendants. | Case No.: 9:20-cv-00059-DWM<br><br>*DEFENDANT BJORN JOHNSON CONSTRUCTION, LLC'S PRELIMINARY PRETRIAL STATEMENT* |

Pursuant to Local Rule 16.2(b)(1) and this Court's Order dated July 21, 2020 (Doc. 9), Defendant Bjorn Johnson Construction, LLC ("BJC") hereby submits this Preliminary Pretrial Statement.

## BACKGROUND

BJC is a construction contractor in Missoula, Montana.  BJC had a fixed bid contract with Defendants Miller and MVP Holdings, LLC (collectively "Miller")

for the construction of a 16,782 square foot addition.  Miller breached the contract and failed to pay for services rendered.  On September 5, 2019, Miller filed a lawsuit against BJC in Montana's Fourth Judicial District alleging fraud, breach of contract, and related claims.  BJC filed a counterclaim against Miller on September 18, 2019.  This counterclaim, later amended, asserts four causes of action against Miller: (1) breach of contract, (2) constructive fraud, (3) fraud, and (4) abuse of process.  The abuse of process claim is based on allegations that Miller filed the lawsuit against BJC for an improper and ulterior purpose, causing damages such as harm to BJC's business reputation.  The constructive fraud and actual fraud claims are based on the facts that Miller made "false or misleading representations" concerning the scope of the project that misled BJC to his prejudice.  BJC alleges, in part, that this tortious conduct caused the loss of use of certain tangible property, including "the steel building [BJC] purchased in anticipation of performing the scope of work" and "extensive drawings and plans created by its architects."

BJC was sued by Plaintiffs wherein he learned of the insurance coverage issues for Miller.  BJC filed an Answer on August 26, 2020.  Prior to BJC's involvement in the case, Miller moved to stay the case.  That motion is now fully briefed.  After responding to Miller's motion, the Plaintiffs filed a motion for summary judgment.  BJC did not oppose the motion. That motion is currently being briefed.

## JURISDICTION AND VENUE

The Court has jurisdiction of the claims in this matter. 28 U.S.C. §§ 1332(a). Also, venue is proper. 28 U.S.C. § 1391(b).

## DEFENSES AND LEGAL THEORIES

BJC did not oppose the Motion for Summary Judgment filed by Plaintiffs. BJC has no legal relationship with Plaintiffs, though BJC admits he is bound by the judgment in this matter.

## COMPUTATION OF DAMAGES

BJC is not seeking damages from the Plaintiffs, apart from attorney fees and lawful costs of suit expended.

## RELATED STATE AND FEDERAL LITIGATION

This coverage dispute arises from a counterclaim filed in the state court lawsuit styled as *Linda J. Miller and MVP Holdings, LLC v. Bjorn Johnson Construction, LLC*, Montana Fourth Judicial District Court, Missoula County, Cause No. DV-32-2019-0000977.

## PROPOSED ADDITIONAL STIPULATIONS OF LAW OR FACT

BJC proposes no additional stipulations, apart from what is already contained in the parties' Statement of Stipulated Facts.

## PROPOSED DEADLINE FOR ADDING PARTIES
## AND AMENDING PLEADINGS

As set forth in the parties' joint discovery plan, the parties have suggested October 30, 2020, as an appropriate deadline for adding parties and amending pleadings without leave of Court.

## CONTROLLING ISSUES OF LAW
## SUITABLE FOR PRETRIAL DISPOSITION

BJC did not oppose Plaintiffs' Motion for Summary Judgment.  Aside from that, BJC does not believe any issues are currently suitable for pretrial disposition.

## PEOPLE WITH KNOWLEDGE OR INFORMATION

Those people currently believed to have knowledge or information include the following:

1. Linda J. Miller
   c/o Boone Karlberg, P.C.

Miller has knowledge concerning the coverage she purchased from the Plaintiffs and facts relating to the underlying action.

2. Representatives of Western American Insurance Company
   c/o Bullivant Houser Bailey P.C.

Plaintiffs have knowledge regarding the policies issued to Miller, their knowledge of the underlying action, and their coverage evaluation and decisions.

3. Representatives of The Ohio Casualty Insurance Company
   c/o Bullivant Houser Bailey P.C.

Plaintiffs have knowledge regarding the policies issued to Miller, their knowledge of the underlying action, and their coverage evaluation and decisions.

4. Bjorn Johnson
    c/o Rhoades Siefert & Erickson, PLLC

Bjorn Johnson has knowledge regarding his allegations against Miller in the underlying action.

5. Any entities or individuals identified by the parties during the course of litigation.

## INSURANCE

BJC had no insurance appliable to this proceeding.

## PROSPECT FOR SETTLEMENT

The parties have not discussed settlement.

## SUITABILITY FOR SPECIAL PROCEDURES

BJC does not contemplate any special procedures.

DATED this 11th day of September 2020.

> Respectfully Submitted,
> RHOADES SIEFERT & ERICKSON PLLC
>
>
> By:   *Quentin M. Rhoades*
>     Quentin M. Rhoades
>     *Attorneys for Defendant BJC Construction, Inc.*